# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

500 PARK AVENUE E.O., N.J.. INC.,

*Plaintiff*,

v.

CRYSTAL FENTY DEY-EL,

*Defendant*.

Civil Action No. 18-13048
(JMV)(JBC)

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Defendant Crystal Fenty Dey-El ("Defendant") seeks to bring this removal action *in forma pauperis* pursuant to 28 U.S.C. § 1915. D.E. 1. Defendant has also filed a motion for a temporary restraining order to stay her eviction. D.E. 2 (styled as an Order to Show Cause for Emergent Motion to Stay Judgment for Eviction and Writ of Possession with Temporary Injunction). For the reasons discussed below, the Court **GRANTS** Defendant's application to proceed *in forma pauperis*, but the underlying action is **REMANDED** to the Superior Court of New Jersey, Essex County, because Defendant has failed to show a proper basis for removal to the United States District Court for the District of New Jersey.

The Court previously remanded the same action, *500 Park Ave., E.O., Inc. v. Dey-El*, Docket No. 17-603, on January 11, 2018, where Defendant attempted to remove to this court and proceed *in forma pauperis*. *See* Docket No. 17-603, D.E. 10 ("Jan. 2018 Opinion"). Defendant appealed the Court's decision to remand the case, and the Court of Appeals for the Third Circuit dismissed the appeal for lack of subject matter jurisdiction. *See* Docket No. 17-603, D.E. 12, 14.

Under § 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that [s]he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Defendant sufficiently establishes her inability to pay, and the Court grants her application to proceed *in forma pauperis* without prepayment of fees and costs.

However, when allowing a litigant to proceed *in forma pauperis*, the Court must review the application and dismiss the action if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a party who is immune. 28 U.S.C. § 1915(e)(2). When considering dismissal under § 1915(e)(2)(B)(ii) for failure to state a claim on which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012). Because Defendant is proceeding *pro se*, the Court construes the pleadings liberally and holds them to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* [litigant's] 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

Here, instead of a plaintiff having brought a complaint that must be screened under the Rule 12(b)(6) standard, Defendant is instead seeking to remove a state court action and requests injunctive relief. Thus, the Court will perform the requisite jurisdictional analysis it would under the motion to dismiss standard. "[T]he party asserting jurisdiction must satisfy the 'well-pleaded complaint rule,' which mandates that the grounds for jurisdiction be clear on the face of the pleading that initiates the case." *Goldman v. Citigroup Global Markets Inc.*, 834 F.3d 242, 249 (3d Cir. 2016) (citing *Franchise Tax Bd. Of State of Cal. v. Constr. Laborers Vacation Tr. for S.*

*Cal.*, 463 U.S. 1, 9-11 (1983). "In short, 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Id.* (internal citations omitted). Here, only two pages of the final judgment in the underlying state court action have been provided, the initial Complaint filed in state court has not been filed to the docket. *See* D.E. 1-4. The Court assumes that the original Complaint concerned Defendant's eviction and does not raise a federal question. This would ordinarily end the analysis, but the Court will also address Defendant's argument that this Court has jurisdiction under the Fair Debt Collection Practices Act ("FDCPA"), as she is proceeding *pro se*. Importantly, the Court addressed these precise issues and explained its reasoning in its prior opinion. *See* Jan. 2018 Opinion at 5-6.

"Federal courts have subject matter jurisdiction over a case if it satisfies federal question jurisdiction under 28 U.S.C. § 1331, or diversity jurisdiction under 28 U.S.C. § 1332." *Hines v. Irvington Counseling Ctr.*, 933 F. Supp. 382, 387 (D.N.J. 1996). Pursuant to 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." In a removal action, the "removing defendant bears the burden of establishing subject-matter jurisdiction." *Martin v. Wal-Mart Stores, Inc.*, 709 F.Supp.2d 345, 347 (D.N.J. 2015). "The notice of removal is the defendant's opportunity to persuade the district court of its subject-matter jurisdiction." *Id.* Here, Defendant asserts that this Court has jurisdiction under a federal statute, the FDCPA, which gives rise to federal question jurisdiction.

To succeed on an FDCPA claim, a party must demonstrate that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the Act defines it, and (4) the defendant has violated a provision of the FDCPA

3

in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). A debt collector is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). "Creditors -- as opposed to 'debt collectors' -- generally are not subject to the FDCPA." *Pollice v. Nat'l Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). "The statute does not apply to persons or businesses collecting debts on their own behalf," *Staub v. Harris*, 626 F.2d 275, 277 (3d Cir. 1980), "[b]ecause creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill." *Pollice*, 225 F.3d at 403. Instead, "[the FDCPA] is directed to those persons who are engaged in business for the principal purpose of collecting debts." *Id.*

Additionally, to succeed on a motion for temporary restraints, the movant must show: "(1) she is likely to succeed on the merits; (2) she is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tip in her favor; and (4) that an injunction is in the public interest." *Batista v. Countrywide Home Loans*, 2015 WL 4022080, at *1 (D.N.J. June 29, 2015) (denying a *pro se* litigant's application for temporary restraining order related to an underlying mortgage).

Defendant has failed to make either showing. First, she has not shown that the FDCPA applies to this case, because it does not appear that Plaintiff is a debt collector. From the Affidavit of Statement of Facts, D.E. 1-2, it appears that Plaintiff is the Board of a co-op apartment building located at 500 Park Avenue in East Orange, New Jersey. *Id.* at 1. After Defendant was not given full use of the storage space at the building she withheld her maintenance payments, and the Board began eviction proceedings. D.E. 1. at 14. As a result, Plaintiff has not shown that the FDCPA

4

applies because she has not established that a debtor is involved. Thus, Plaintiff has failed to show a likelihood of success on the merits under her FDCPA claim, and, more fundamentally, this Court lacks federal subject matter jurisdiction over the removed action if the FDCPA does not apply.[1]

It further appears that any claim concerning Plaintiff's eviction would be dismissed pursuant to the *Rooker-Feldman* abstention doctrine. "The *Rooker–Feldman* doctrine precludes lower federal courts from exercising appellate jurisdiction over final state-court judgments because such appellate jurisdiction rests solely with the United States Supreme Court." *In re Madera*, 586 F.3d 228, 232 (3d Cir. 2009) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)); *see also Williams v. BASF Catalysts LLC*, 765 F.3d 305, 315 (3d Cir. 2014). The Third Circuit has ruled that the doctrine applies once four elements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff 'complain[s] of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)).

Here, construing Defendant's allegations liberally, they appear to directly challenge the legitimacy of a state eviction proceeding. If this is an accurate assessment, the *Rooker-Feldman* doctrine would preclude the Court from hearing this matter. What's more, Defendant has already filed an appeal with the Appellate Division of the New Jersey Superior Court.[2]

---

[1] It does not appear the Court has diversity jurisdiction either, as all parties are New Jersey-based.

[2] At D.E. 2, Defendant indicates that she filed a Notice of Appeal and served the papers on Plaintiff on or about August 9, 2018, and that the Appellate Division has assigned the appeal a docket

5

The Court also notes that in its prior decision and order remanding the case brought under Docket No. 17-603, it did so for the same reasons—Defendant failed to show jurisdiction under the FDCPA, and the *Rooker-Feldman* abstention doctrine applied. *See* Jan. 2018 Opinion. The Third Circuit has since refused to consider her appeal of this Court's decision because it lacked jurisdiction to do so.

Accordingly, and for good cause shown,

**IT IS** on this 28th day of August, 2018,

**ORDERED** that Defendant's application to proceed *in forma pauperis* is **GRANTED**; and it is further

**ORDERED** that this action is **REMANDED** to the Superior Court of New Jersey, Essex County; and it is further

**ORDERED** that the Clerk's Office shall close this case; and it is further

**ORDERED** that the Clerk of the Court mail a copy of the Opinion and Order to Defendant by regular mail and by certified mail return receipt.

John Michael Vazquez, U.S.D.J.

---

number. Defendant indicates that she attached this correspondence, but no exhibits were attached to D.E. 2.